ment by its four corners, it is clear that Bott was to have possession of the land for five years and raise five crops thereon, furnishing seed to sow the same. Looking at the second paragraph quoted above, we find. that he agrees to care for and harvest the grain so grown and deliver to the lessor one third thereof. There is just as much room for contention that Bott should have a portion of the crop sown in 1916, and that the lessor should have only one third thereof, as that the lessee should be required to furnish grain to seed the land after his term had expired, for a crop to be raised in 1917 in which he was not to share. It seems to us, rather, that the lease terminates on September 19, 1916, and that the clause, "will furnish all seed necessary to sow the same," means that the lessee should furnish necessary seed for sowing the lands each year during the five years. The evidence clearly shows that such was the agreement. The finding of the trial court amounts to the same thing as the construction we have given the written memorial.

It follows that the decree of the lower court should be affirmed; and it is so ordered.          Affirmed.

---

Submitted on brief January 3, affirmed January 9, 1917.

## MITCHELL *v.* HOWELL.

(161 Pac. 1199.)

From Multnomah: George N. Davis, Judge.

This is an action by A. E. Mitchell against W. G. Howell, in which plaintiff recovered judgment and defendant appeals. The cause was submitted on brief without argument, under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

Affirmed.

For appellant there was a brief over the names of *Mr. Albert M. Smith* and *Mr. John F. Cahalin.*

For respondent there was a brief over the name of *Mr. Eugene Brookings.*

In Banc.   Opinion PER CURIAM.

This is an action to recover upon a contract for services.   We find no error upon the trial or in the findings, and the judgment is therefore affirmed.

AFFIRMED.

---

Argued October 5, 1916, affirmed January 9, 1917.

## CHRISTIE *v.* BANDON.

(162 Pac. 248.)

**Municipal Corporations—County Roads—Control—Statute.**

1. The control of county roads is primarily in the legislative power of the state, and until in plain terms the state has given control thereof to any municipality, the latter cannot assume or exercise authority over them; and, under its act of incorporation, Laws of 1891, page 505, Section 39, by subdivision 14 defining the authority of the board of trustees as to obstructions in streets, by subdivision 28 authorizing it to construct streets, by subdivision 32 authorizing county road supervisors to collect taxes and keep the county roads in repair, etc., by Section 68 authorizing the board of trustees to change the grade and improve any street, and by Section 101 authorizing the laying out of streets, etc., the City of Bandon had no authority to exercise control over a county road.

**Dedication—Street—Sufficiency of Evidence.**

2. In an action to enjoin a city and its contractor from entering upon and excavating a part of plaintiff's land for the improvement of a street, evidence *held* not to show a dedication of the strip in dispute as a part of the street.

**Dedication—Requisites—Intent.**

3. The public, whether in the form of a municipality or otherwise, cannot acquire the real property of a private holder by dedication, unless the intent of the owner thus to give his realty to the public is clearly and satisfactorily established.

> [As to what constitutes a dedication of a public street, see note in 129 Am. St. Rep. 576.]

82 Or.—31